FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

2018 AUG 23 PM 2: 30

DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| DONTAVIUS COLLINS, individually and on behalf of all others similarly situated, | Civil Case Number: 6:18-cv-1394-ORL-41-GJK |
|---|---|
| Plaintiff, | CIVIL ACTION |
| -v- | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| ENHANCED RECOVERY COMPANY, LLC DBA ERC, | |
| Defendant. | |

Plaintiff, DONTAVIUS COLLINS (hereinafter, "Plaintiff"), a Florida resident, brings this class action complaint by and through the undersigned attorneys, Marcus & Zelman, LLC against Defendant ENHANCED RECOVERY COMPANY dba ERC (hereinafter "Defendant" or ERC), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### NATURE OF THE ACTION

3. Plaintiffs brings this class action on behalf of a class of Florida consumers seeking

redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of Florida, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its principal office located at 8014 Bayberry Road, Jacksonville, Florida 32256 and its registered agent, CSC, located at 1201 Hays Street, Tallahassee, Florida 32301.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to June 27, 2018, an obligation was allegedly incurred to AT&T DirecTV.

12. The AT&T DirecTV obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

2

13. The alleged AT&T DirecTV obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. AT&T DirecTV is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

15. Defendant contends that the AT&T DirecTV debt is past due.

16. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

17. On or about June 27, 2018, the Defendant caused to be delivered to the Plaintiff a letter ("Letter") in an attempt to collect the alleged AT&T DirecTV debt. *See* **Exhibit A.**

18. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. Upon information and belief, the Letter was the first communication from the Defendant regarding the alleged AT&T debt.

21. The Letter stated in part:

> "AT&T DirecTV has placed your previously disputed account with ERC. As of the date of this notice, an investigation of your dispute has been completed and the account has been place with our office for resolution. Please contact one of our dispute resolution specialists at (800) 427-6618 to discuss your resolution options."

22. The Plaintiff, as would any least sophisticated consumer, read the above to mean that as of June 27, 2018 the Defendant already assumed that the alleged debt is valid, making any dispute pointless.

23. The Plaintiff further believed that any request for validation or verification would be a waste of time, as a verification and validation was already complete.

24. The Letter further provided the Plaintiff with a validation notice.

3

25. It has been well established that a validation notice required by 15 USC § 1692g "must not be overshadowed or contradicted by accompanying messages from the debt collector." See *Wilson v. Quadramed Corp.*, 225 F.3d 350 (3d Cir. 2000).

26. To determine if the validation notice was "overshadowed or contradicted" we look to the least sophisticated debtor standard. *Id* at 354.

27. A validation notice is overshadowed and/or contradicted if it would make the least sophisticated consumer uncertain as to his or her rights.

28. The above statements would leave the least sophisticated consumer unsure as to whether the Defendant has already assumed the debt is valid making a dispute pointless or whether the Defendant will only assume the debt is valid after thirty days from receipt.

29. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

30. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ALLEGATIONS

31. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following Florida consumer class (the "Class").

32. The Class consists of (a) all individuals with addresses in the State of Florida (b) to whom Defendant (c) sent an initial collection letter (d) attempting to collect a consumer debt owed to AT&T DirecTV (e) which stated "As of the date of this notice, an investigation of your dispute has been completed and the account has been place with our office for resolution."

(f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

32. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have AT&T DirecTV debts.

33. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

34. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibits A,* violate 15 U.S.C. §§ 1692e and 1692g.

35. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

36. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

37. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the

Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e and 1692g.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

38. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt.

43. The Defendant violated said section by making false or deceptive representations in connection with the collection of a debt in violation of 1692e(10).

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

47. Pursuant to 15 USC §1692g, a debt collector:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
> (1) The amount of the debt;
> (2) The name of the creditor to whom the debt is owed;
> (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
> (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

48. The Defendant violated 1692g by overshadowing the validation notice.

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

    (b)    Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

    (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (e)    Awarding pre-judgment interest and post-judgment interest; and

    (f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 16, 2018

By:    /s/ Jon P. Dubbeld
         Jon P. Dubbeld, Esq.
         Berkowitz & Myer
         4900 Central Avenue
         St. Petersburg, FL 33707
         Tel: (727) 344-0123
         Email: jon@berkmyer.com

         **PRO HAC VICE APPLICATION TO BE FILED**
         /s/ Yitzchak Zelman
         Yitzchak Zelman, Esq.
         MARCUS & ZELMAN, LLC
         701 Cookman Avenue, Suite 300
         Asbury Park, New Jersey 07712
         Tel: (732) 695-3282
         Email: yzelman@marcuszelman.com